UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARY J. WALTON, | ) | |
| Plaintiff(s), | ) | No. C07-0707 PJH (BZ) |
| v. | ) | **THIRD DISCOVERY ORDER** |
| K-MART, INC., et al., | ) | |
| Defendant(s). | ) | |

After plaintiff moved to compel defendant to provide further responses to her Special Interrogatories and Requests for Production of Documents, defendant amended many of its responses. As the court understands the present discovery posture, the following issues remain:

With respect to the store's full-time employees at the time plaintiff was terminated, defendant's Amended Special Interrogatory responses set forth those employees' names, employment status, age, job title, and dates of employment. Defendant also provided information regarding both part and full-time employees that were hired after plaintiff was terminated including those employees' code, job title, hire date, age, and if applicable termination date. Defendant did

1

not provide the names, or other contact information, for the employees hired after plaintiff was terminated.  Nor did defendant provide any information regarding part-time employees other than those hired after plaintiff lost her job.

Defendant refused to produce the performance appraisal forms requested by plaintiff, but did provide a redacted version of its Associate Performance Recap covering the period at issue.

Having reviewed the papers before me and good cause appearing, find no need for argument and **VACATE** the **December 5, 2007** hearing.  **IT IS HEREBY ORDERED** that:

1.  Plaintiff's request for an order compelling further responses to Special Interrogatories Number 4,5, 6, 7, and 10 as well as Requests for Production of Documents Number 1 is **GRANTED**, to the extent that defendant is required to provide further responses regarding the subject employees' name, date of birth, job title, position or assignment, date of hire and, where applicable, date of termination when it did not provide such information in its amended responses.

Information regarding the store's part-time employees during the workforce reductions is relevant to whether plaintiff was terminated as a result of a bona fide workplace adjustment or for an illegal purpose.

2.  Plaintiff's motion to compel defendant to produce documents in response to her Request for Production Number 2 is **DENIED**.  The request is extremely broad and plaintiff has failed to show why the subject employees' payroll or compensation records are relevant to her claims for relief.

2

3.  Plaintiff's motion to compel further responses to Requests for Production of Documents Number 14, 15, 16, 17, 18, and 19 is **GRANTED** in part. The six requests essentially seek all documents reflecting the subject employees' name, date of birth, job title, position or assignment, full-time or part-time status, address telephone number, date of hire, and where applicable date of termination. The requests are overly broad as they would require defendant to produce essentially every document on each of the subject employees, even if they have nothing to do with the issues in the litigation. However, plaintiff is entitled to review documents in order to confirm that she obtains accurate information. In the interest of expediting discovery, defendant is only required to produce one document that reflects the name, date of birth, job title, position or assignment, full or part-time status, date of hire, and date of termination (where applicable) with regards to each subject employee where possible. If defendant is not in possession of a single document that reflects such information, defendant can provide multiple documents for each subject employee. Plaintiff is cautioned that henceforth, the court will not rewrite her discovery requests.

4.  Because defendant has asserted that it relied on the employee evaluations to decide who was terminated as a result of the workforce adjustment program, these evaluations are discoverable. Defendant is **ORDERED** to produce documents in response to plaintiff's Request for Production of Documents numbers 24, 26, and 27.

Defendants's reliance on state court cases interpreting

1 the California right of privacy is somewhat misplaced.  "The
2 federal Constitution implicitly recognizes a right to privacy
3 that requires a balancing test to be utilized whenever
4 discovery requests intrude on the privacy interests of a party
5 or non-party." <u>Roberts v. Americable Intern. Inc.</u> 883 F.Supp.
6 499, 506 (E.D. Cal. 1995).  Here, plaintiff will be unable to
7 prosecute her claims if she cannot gather evidence of
8 discrimination.  I am satisfied that plaintiff's need for the
9 information I am ordering defendant to provide, outweighs the
10 minimal intrusion into the employees' privacy interests.  <u>Soto
11 v. City of Concord</u>, 162 F.R.D. 603, 616-617 (N.D. Cal. 1995).
12 Plaintiff has not shown that her need for each employee's
13 address and telephone number outweighs the privacy interests
14 of the employees.

15      Defendant shall provide amended responses and documents
16 by **December 17, 2007**.  In view of the employees' privacy
17 interests, documents shall be produced pursuant to an
18 attorneys' eyes only protective order.  If the parties cannot
19 agree on an order, the documents shall be produced pursuant to
20 the model Stipulated Protective Order found on the court's
21 website.

22      Plaintiff's request for sanctions is **DENIED.**  Some of her
23 discovery was poorly drafted, and she did not comply with
24 Civil L.R. 37-3 and 7-8(a).

25 Dated: November 28, 2007

26                              _____
27                                     Bernard Zimmerman
                              United States Magistrate Judge
28

G:\BZALL\-REFS\WALTON v. K-MART\third discovery order.BZ VERSION.wpd